UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SWITCH, LTD., *et al.*, | Case No. 3:23-cv-00508-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| NVLCO STOREY COUNTY, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

In this removed action, Plaintiffs Switch, Ltd. and SUPERNAP Reno, LLC filed a motion to remand ("Motion"), contending that removal was improper because Defendants NVLCO Storey County, LLC, SVO Nevada, LLC, and PSO Nevada, LLC have not established complete diversity of citizenship.[1] (ECF No. 16.) Despite filing an amended certificate of interested parties and a response to the Motion, Defendants have failed to demonstrate that they were not citizens of Nevada when the Complaint was filed. (ECF Nos. 24-1, 37.) The Court will thus grant Plaintiffs' Motion.

**II.   BACKGROUND**[2]

Defendants purchased land subject to a restrictive covenant in August 2023. (ECF No. 2-1 at 9 ("Complaint").) Defendants seek to prepare the land for development. (*Id.*)

On October 5, 2023, Plaintiffs filed their Complaint in the First Judicial District Court in and for Storey County, alleging that that Defendants' planned development breached the restrictive covenant, breached the implied covenant of good faith and fair dealing, and

---

[1]Defendants opposed the motion (ECF No. 37), and Plaintiffs replied (ECF No. 44).

[2]The Court considers a variety of filings by the parties, as a "district court may properly look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists." *Adler v. Fed. Republic of Nigeria*, 107 F.3d 720, 728 (9th Cir. 1997) (quotations omitted).

tortiously interfered with their prospective contracts. (*Id.* at 5-14; ECF No. 1 at 2.) Both SVO's and PSO's certificates of formation were canceled on October 6, 2023, and the entities no longer exist. (ECF Nos. 1 at 3; 37 at 4.) NVLCO's 10 members were converted from limited liability companies ("LLCs") to corporations for Delaware state tax purposes on October 18, 2023. (ECF Nos. 11-10 at 2; 37 at 5-6, 10.)

Nine days later, Defendants removed this case based on diversity jurisdiction. (ECF No. 1 at 2). Plaintiffs moved to remand on the grounds that Defendants have not met their burden of establishing complete diversity of citizenship between the parties. (ECF No. 16 at 5-8.)

## III.  DISCUSSION

The party asserting subject matter jurisdiction pursuant to diversity of citizenship must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). There is no dispute that the amount in controversy requirement is met. Rather, the parties debate whether there is complete diversity of citizenship among them. Because of the "strong presumption against removal jurisdiction," Defendants bear the burden of establishing diversity of citizenship such that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quotations omitted).

Complete diversity among the parties must exist both when the complaint is filed and when the action is removed. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Plaintiffs Switch and SUPERNAP are undisputedly citizens of Nevada. (ECF Nos. 1 at 4; 16 at 3.) All three named defendants—NVLCO, SVO, and PSO—possess identical citizenship, as NVLCO was the sole member and owner of LLCs SVO and PSO before their dissolution. (ECF Nos. 2-1 at 5, 7; 24 at 4.) *See also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); 28 U.S.C. § 1441(b)(1).

NVLCO is also an LLC and thus is a "citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. NVLCO has 10 members

("NVLCO Members"), all of which were converted from LLCs to corporations for tax purposes between the filing of the Complaint and the removal of this case. (ECF Nos. 11-10 at 2; 24 at 2; 37 at 10.) Regardless of any impact this had on the NVLCO Members' citizenship at the time of removal, Defendants must establish that none of the members or owners of the NVLCO Member LLCs were citizens of Nevada when Plaintiffs filed the Complaint. *See Johnson*, 437 F.3d at 899.

But Defendants have not fully laid out the citizenship of the NVLCO Members' members and owners. All ten NVLCO Members were wholly owned by their sole member, Tract (LandCo) I, LP ("Tract Parent"). (ECF Nos. 24 at 2; 37-2 at 3-12 (naming Tract Parent as the sole member of each NVLCO Member in August 2023).) Tract Parent, as a limited partnership ("LP"), is a citizen of every state of which its partners are citizens. *See Johnson*, 437 F.3d at 899; *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 US. 185, 196-97 (1990)). Tract Parent has 35 limited partners and a general partner, Tract (LandCo) I GP, LLC ("Tract General Partner"). (ECF Nos. 24 at 2-3; 24-1; 38-1 (sealed).) Tract General Partner is entirely owned by Tract GP Manager, LLC ("Tract GP Manager"), which in turn is owned and managed by "an individual resident of Florida."[3] (ECF No. 24 at 2-3.) But simply stating the owner's place of residency is not sufficient for establishing their citizenship. *See Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905) ("[A] mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction."); *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995). Defendants therefore have not alleged the citizenship of Tract's general partner.

A similar issue arises for Tract Parent's limited partners. Defendants filed exhibits listing the limited partners' names, states of organization, and principal places of business;

---

[3]The following analysis assumes that the sole owners of Tract Parent and Tract General Partner are their only members. *See AmGuard Ins. Co. v. Middleton*, 2018 WL 3370568, at *1 (W.D. La. July 9, 2018) ("Presumably, the statement that one LLC is wholly owned by another LLC is intended to mean that the second LLC is the sole member of the original LLC . . . [but] an LLC could wholly own and control another LLC without actually being a member of it."). Additional jurisdictional defects could arise if they are not. (ECF No. 37-2 (naming Heidi Deimar as the Managing Member of Tract Manager).)

3

however, some of the limited partners are LPs or LLCs and thus their citizenship is determined by their members and partners, not their states of organization and principal places of business. (ECF Nos. 24-1, 38-1 (sealed).) *See also Johnson*, 437 F.3d at 899. As Defendants have not provided the citizenship of the relevant limited partners' own members and partners, they also have not sufficiently alleged the citizenship of Tract's limited partners.

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). Here, as the party asserting jurisdiction, Defendants have not satisfied their burden of establishing that the Court has diversity jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting that the burden of establishing jurisdiction rests upon the party asserting jurisdiction). Defendants have not shown NVLCO's citizenship or established that NVLCO is not a citizen of Nevada to demonstrate diversity of citizenship, making their notice of removal defective and removal improper. The Court will grant the Motion.

## IV.     CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiffs' motion to remand (ECF No. 16) is granted. Accordingly, the Court denies all pending motions, except the motion to seal (ECF No. 36) as moot. The Court agrees with Defendants that good cause supports sealing of the identity of Defendants' limited partners and investors, at this early stage of the proceedings and solely for the purpose of the Court's resolution of Plaintiffs' motion to remand; and the Court therefore grants the motion to seal (ECF No. 36).

It is further ordered that this action is remanded to the First Judicial District Court in and for Storey County.

The Clerk of Court is directed to close this case.

DATED THIS 15th day of November 2023.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE